U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

MAR 1 4 2003

ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

UNITED STATE DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

CIVIL ACTION NUMBER: CV03-0489 L-O

MICHAEL "DWAYNE" MARKS
AND MIKELL MARKS, INDIVIDUALLY
AND ON BEHALF OF THEIR MINOR
CHILDREN, LENZI ROSE MARKS,
TORI HOPE MARKS AND TYLER
MICHAEL MARKS

VERSUS                                             JUDGE: JUDGE DOHERTY

JOHNNY G. DANIEL, RURAL
INSURANCE AGENCY AND
MISSISSIPPI FARM BUREAU                            MAGISTRATE JUDGE HILL
MUTUAL INSURANCE COMPANY      MAGISTRATE JUDGE:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel comes plaintiff's MICHAEL "DWAYNE" MARKS and MIKELL MARKS, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN, LENZI ROSE MARKS, TORI HOPE MARKS AND TYLER MICHAEL MARKS, who with respect represent:

1.

Plaintiffs, MICHAEL "DWAYNE" MARKS and MIKELL MARKS, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN, LENZI ROSE MARKS, TORI HOPE MARKS AND TYLER MICHAEL MARKS are domiciled in the Parish of St. Landry, State of Louisiana.

2.

The defendants are a corporation/citizen, having its principle place of business and/or residing in a State other than the State of Louisiana. The matter in controversy exceeds



exclusive of interest and cost the sum of $75,000.00. Jurisdiction is based upon 28 USC Section 1332.

3.

Made defendants herein are:

A. **JOHNNY G. DANIEL,** a person of the full age of majority and a resident of the State of Mississippi, who can be served at: Rt. 2 Box 551 Mathiston, Mississippi 39752

B. **RURAL INSURANCE AGENCY,** a foreign company authorized to do and doing business in the State of Mississippi who can be served through Its Agent For Service of Process: B Mack Stallings, 6130 I-55 N, P.O. Box 1972, Jackson, MS 39215-1972

C. **MISSISSIPPI FARM BUREAU MUTUAL INSURANCE COMPANY,** a foreign insurance company, who can be served at: P.O. Box 1972, Jackson, Mississippi 39215-1972

4.

Defendants, JOHNNY G. DANIEL, RURAL INSURANCE AGENCY and MISSISSIPPI FARM BUREAU MUTUAL INSURANCE COMPANY, are liable unto plaintiffs in solido for the full sum of the amount of damages reasonable in the premises to be proven at the trial of the merits plus interest from the date of judicial demand until paid and for all cost of these proceedings and for all general and equitable relief that plaintiffs are entitled to for the following to wit:

5.

On or about October 31, 2002, plaintiff, MICHAEL "DWAYNE" MARKS, was operating a 1999 Chevrolet 6000 truck headed south at or about the 1000 block of North West Evangeline Thruway in the City of Lafayette, Parish of Lafayette, State of Louisiana.

6.

At about that same time, defendant, JOHNNY G. DANIEL, was operating a 2002 Chevrolet Silverado truck, owned by RURAL INSURANCE COMPANY, headed south at or

about the 1000 block of North West Evangeline Thruway in the City of Lafayette, Parish of Lafayette, State of Louisiana.

7.

JOHNNY G. DANIEL, negligently, recklessly and carelessly suddenly switched lanes and cut in front of MR. MICHAEL "DWAYNE" MARKS, causing him to apply his brakes and then be struck by the vehicle being driven by JOHNNY G. DANIEL.

8.

The collision sued on herein is inexplicable without the resort to the presumption of negligence and the applicability of the doctrine of *res ipsa loquitor* in view of the fact that the vehicle being driven by JOHNNY G. DANIEL clearly failed to yield the right of way to the vehicle being driven by MICHAEL "DWAYNE" MARKS which presumption and doctrine are specifically invoked by plaintiffs herein.

9.

Upon information and belief, it is alleged that at the time of the accident, JOHNNY G. DANIEL, was acting in the course and scope of his employment with his employer, RURAL INSURANCE AGENCY. Accordingly, under the doctrine of *respondeat superior,* Mr. DANIEL'S employer, RURAL INSURANCE AGENCY, is vicariously liable for the negligent acts of Mr. DANIEL'S. Said doctrine is specifically invoked by plaintiffs herein.

10.

At the time of the accident sued upon herein, plaintiffs allege upon information and belief, that there was in full force and effect one or more policies of public motor vehicle liability insurance issued by MISSISSIPPI FARM BUREAU MUTUAL INSURANCE COMPANY, to and/or in favor of JOHNNY G. DANIEL and/or RURAL INSURANCE AGENCY which

policy(s) affords coverage for the liability of the nature asserted herein such as defendants in which insurance insures the plaintiffs under the provisions of the Louisiana Direct Actions Statute, LA R.S. 22:655, thereby entitling plaintiffs to maintain this direct action against the defendant, insurer, and thereby rendering said defendant insurer, liable in solido, with defendant, JOHNNY G. DANIEL for damages as sued for herein.

11.

In legal cause of the collision sued on herein was the negligence of JOHNNY G. DANIEL which negligence consisted more particularly but not exclusively of the following:

A. Failure to keep his vehicle under proper control;

B. Failure to yield the right of way to a vehicle in a favored lane of travel;

C. Attempting to change lanes in violation of State, Parish, and/or City ordinances:

D. Failing to make sure that it was safe to merge lanes of travel;

E. Driving in a reckless and/or careless manner;

F. Generally of his failure to exercise the required degree of care commensurate with the existing driving situation;

G. Any and all other acts of negligence, omissions, and/or legal fault as should be discovered and shown at the trial of this matter including all violations of City and State Traffic Regulations and Ordinances.

12.

As a result of the collision sued on herein, plaintiff, MICHAEL "DWAYNE" MARKS suffered severe personal injury and damages including but not limited to:

A. Injuries to his back and neck;

B. Sprained and strained muscles, tendons, and ligaments of the body;

C. Other injuries which will be shown at the trial of this matter.

13.

Accordingly, plaintiff, MICHAEL "DWAYNE" MARKS itemizes his damages as follows:

    A.    Physical pain and suffering past, present, and future;

    B.    Mental pain and anguish and distress past, present, and future;

    C.    Loss of enjoyment of life past, present and future;

    D.    Impairment of loss of income past, present, and future;

    E.    Loss of earning capacity;

    F.    Permanent disfigurement;

    G.    Medical expenses past, present, and future;

    H.    Other damages to be proven at the trial of this matter.

14.

Plaintiff, MIKELL MARKS, shows that at all pertinent times herein she was the lawful wife of plaintiff, MICHAEL "DWAYNE" MARKS and as a result of the injuries to her husband, MICHAEL "DWAYNE" MARKS, she has and will continue to suffer loss of consortium, service, society, support, mental anguish and suffering, past, present and future, and is entitled to recover damages accordingly.

15.

Plaintiff, MIKELL MARKS, shows that at all pertinent times herein she was the lawful wife of plaintiff, MICHAEL "DWAYNE" MARKS and as a result of the injuries to her husband, MICHAEL "DWAYNE" MARKS, she has and will continue to suffer loss of consortium, service, society, support, mental anguish and suffering, past, present and future, and is entitled to recover damages accordingly.

16.

Plaintiffs, LENZI ROSE MARKS, TORI HOPE MARKS AND TYLER MICHAEL MARKS, show that at all pertinent times herein that they were the lawful children of plaintiff, MICHAEL "DWAYNE" MARKS and as a result of the injuries to their father, MICHAEL "DWAYNE" MARKS, they have and will continue to suffer loss of consortium, service, society, support, mental anguish and suffering, past, present and future, and is entitled to recover damages accordingly.

WHEREFORE, plaintiffs pray that defendants be duly served with a copy of the Petition for Damages, and after all legal delays and due proceedings had there be Judgment in favor of MICHAEL "DWAYNE" MARKS and MIKELL MARKS and against defendants, JOHNNY G. DANIEL, RURAL INSURANCE AGENCY, AND MISSISSIPPI FARM BUREAU MUTUAL INSURANCE COMPANY jointly, severely, and in solido for compensatory damages, special damages, and penalties in an amount that will adequately satisfy the demands of justice, together with legal interest thereon from the date of judicial demand until paid. And for all costs of these proceedings and for any other relief to which plaintiffs are entitled under law and evidence.

Respectfully submitted:

THE LABORDE LAW FIRM, L.L.C.

_____
DAVID C. LABORDE, Bar# 20907
P.J. LABORDE, JR., Bar# 08068
JEANNE M. LABORDE, Bar# 24821
102 Asma Blvd., Suite 100 (70508)
P.O. Box 80098
Lafayette, Louisiana 70598-0098
(337) 261-2617  Fax (337) 261-1934